Stephen BRUMFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–99–094CR.

Court of Appeals of Texas, Beaumont.

Submitted March 16, 2000.

Decided June 21, 2000.

Stephen Christopher Taylor, Galveston, for appellant.

Mark Mullin, Special Prosecution Unit, Huntsville, for state.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Stephen Brumfield was tried on an indictment that alleged Brumfield and eight other individuals murdered another with the intent to establish, maintain, or participate in a combination or in the profits of a combination. TEX. PEN.CODE ANN. § 19.03(a)(5)(B) (Vernon 1994). The indictment against Brumfield, Robert Campbell and Thomas Armstrong was presented to a jury in a joint trial in which the three men were convicted of capital murder and sentenced to confinement for life in the Texas Department of Criminal Justice, Institutional Division.[1] The judgment reflects the life sentence shall be served consecutively to the fifteen year sentence Brumfield was serving at the time of the offense. Brumfield raises nine issues on appeal.

Brumfield presents his first three issues in a single argument challenging the admission of testimony regarding Brumfield's membership in the Aryan Circle, without proof of any violent and illegal activities of the Aryan Circle, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution, and Article I, Section 8, of the Texas Constitution.

■ Brumfield relies upon counsel's motion in limine argument that information about gangs would be prejudicial to the defense. A ruling on a motion in limine is not sufficient to preserve error for review. *McDuff v. State*, 939 S.W.2d 607, 618 (Tex.Crim.App.1997). By not pre-senting either a state or federal associational objection when the evidence of gang membership was offered at trial, Brumfield failed to preserve error. TEX.R. EVID. 103(a)(1); TEX.R.APP. P. 33.1. Brumfield contends that his rights to due process were violated because the State failed to demonstrate a substantial relation between Brumfield's membership in the Aryan Circle and a subject of overriding and compelling State interest. *See Dawson v. Delaware*, 503 U.S. 159, 165, 112 S.Ct. 1093, 1097–98, 117 L.Ed.2d 309, 317 (1992) (holding there is no *per se* barrier to the admission of one's beliefs and associations at sentencing, but the evidence must be relevant). Although challenged as a violation of due process, the admission of evidence of Brumfield's membership in a penitentiary gang does not concern a non-waivable systemic requirement. *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim.App.1993), *overruled in part on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). Issues one through three are overruled.

■ Issues four through seven challenge the sufficiency of the evidence. In reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991). In reviewing the factual sufficiency of the evidence, we review all the evidence impartially, comparing the evidence which tends to prove the existence of an elemental fact in dispute to the evidence which tends to disprove that fact, and determine whether the verdict is so contrary to the

1. Campbell's and Armstrong's convictions were affirmed in appeals decided today. *See Campbell v. State*, 18 S.W.2d 914 (Tex.App.—Beaumont 2000, no pet. h.); *Armstrong v. State*, 18 S.W.2d 928 (Tex.App.—Beaumont 2000, no pet. h.).

overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). A sufficiency of the evidence challenge is measured by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). A hypothetically correct charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

■ Issues four and five contend the evidence is legally and factually insufficient to support a conviction for capital murder, in that the evidence failed to prove, beyond a reasonable doubt, that the Aryan Circle was a combination. A "combination" is three or more persons who collaborate in carrying on criminal activities, although the participants may not know each other's identity and membership in the combination may change from time to time. *See* TEX. PEN.CODE ANN. § 71.01 (Vernon Supp.2000). The State must prove the appellant and two or more people collaborated in carrying on criminal activities, that is, agreed to work together in a continuing course of criminal activities. *Nguyen v. State*, 1 S.W.3d 694, 697 (Tex.Crim.App.1999).

The victim and a person assaulted in the same incident, Terrell Unit cellmates Ryan Osgood and Marc Ashbrook, were members of the White Knights, a penitentiary gang. Brumfield and his indicted co-defendants (Campbell, Armstrong, Daniel Bean, Michael Bingham, Clyde Haynes, Bobby Stephens, Troy Smith, and Shane Jaggers) were all members of the Aryan Circle housed in the same prison row as Osgood and Ashbrook.[2] On September 12, 1997, Osgood attacked Terry Rayborn, the vice-president of the Aryan Circle and the highest ranking Aryan Circle member in the penitentiary at that time. The unit was placed on lockdown as a result of that incident. On October 6, 1997, within moments of being let out of their cells together for the first time, Brumfield and the others, all Aryan Circle members, attacked Osgood. First, Brumfield held Osgood while Campbell stabbed him five times with a piece of sharpened plexiglass. The inmates kicked and stomped on Osgood, who ultimately perished from blunt trauma head injury. When Ashbrook tried to come to Osgood's aid, Brumfield and several other inmates attacked him, too. Several inmates testified they attacked Osgood in retaliation for Osgood's attack on Rayborn. This testimony established three or more people associated as the "Aryan Circle" and those people collaborated in the homicidal assault on Ryan Osgood. Brumfield argues the evidence indicated the murder was committed with intent to retaliate through the commission of a single offense and that there was no evidence indicating an intent to work together in a continuing course of criminal activity.

■ The State proved Brumfield is a member of the Aryan Circle. Collaboration in a continuing course of criminal conduct by the members of the Aryan Circle is supported by Jaggers's testimony that the Aryan Circle was involved in extortion, prostitution, and drugs. Regarding continuity of criminal offending, Stephens testified, "the Aryan Circle used him [another inmate not involved in the attack] as far as extortion. We extorted money from him. He paid us for protection .... [from] any problems that he might have as far as

2. These individuals were charged with capital murder in the same indictment as Brumfield,

Campbell, and Armstrong, but were not tried in the same proceeding.

somebody trying to fight him." Stephens also testified, "The Aryan Circle had put a hit on me" and that his and his wife's lives were in danger from the Aryan Circle because he testified. Armstrong admitted that white inmates who were "riding" with the Aryan Circle were "paying protection" "like a bodyguard." Armstrong also admitted that to "blood in" to the Aryan Circle, a man could "take a case for an A.C. member." Brumfield's agreement to work with the other members of the Aryan Circle in the gang's continuing course of criminal activity is proven by Brumfield's conduct in the commission of the murder of Ryan Osgood.

Considering all of the evidence adduced at trial in the light most favorable to the prosecution, we hold a rational trier of fact could have found beyond a reasonable doubt that the State proved beyond a reasonable doubt that Brumfield acted together with at least two of the other indicted co-defendants, with the specific intent to establish, maintain, or participate in a group of three or more persons who collaborate in carrying on criminal activities. As the evidence submitted to the jury on the issue raised is both legally and factually sufficient to support the jury's verdict, we overrule issues four and five.

■ In his sixth and seventh issues, Brumfield contends the evidence is legally and factually insufficient to support the conviction because the State failed to prove beyond a reasonable doubt that Brumfield, acting with the intent to establish, maintain, or participate in a combination, intentionally or knowingly caused the death of Ryan Osgood. Brumfield argues that the evidence is insufficient to prove he entered into an agreement with anyone to cause the death of Osgood because his involvement was only in the beginning of the assault.

Stephens testified a message, or "kite," had passed among the inmates, and that as a result he expected either Campbell and Brumfield or Smith and Richard Shosa would have "problems" with Ashbrook and Osgood when they walked by, "[b]ecause they were White Knights." Stephens testified he saw Brumfield hit Osgood more than once, and guessed that Brumfield knocked Osgood out because Osgood fell. Brumfield grabbed Osgood's arms and held them behind his back while Campbell stabbed Osgood. Jaggers testified that Brumfield, Campbell, Armstrong, and Bean were all "scuffling" with Osgood. When Ashbrook tried to support Osgood, Brumfield left Osgood and, along with Armstrong, attacked Ashbrook while the attack on Osgood continued. Brumfield fought Ashbrook until chemical agents were introduced into the area.

Brumfield initiated the assault on Osgood, held Osgood while another inmate stabbed him, then attacked the one person who was trying to stop the assault. His participation ceased only upon intervention by the authorities. The charge authorized the jury to convict Brumfield if it found he acted as a party. Considering all of the evidence adduced at trial in the light most favorable to the prosecution, we hold a rational trier of fact could have found beyond a reasonable doubt that the State proved beyond a reasonable doubt that Brumfield, acting with the intent to establish, maintain, or participate in a combination, intentionally or knowingly caused the death of Ryan Osgood. As the evidence submitted to the jury on the issue raised is both legally and factually sufficient to support the jury's verdict, we overrule issues six and seven.

■ Issue eight challenges the constitutionality of Penal Code Section 19.03(a)(5)(B). Brumfield argues the statute violates the Eighth Amendment to the United States Constitution by imposing a higher degree of criminal liability on him solely because of his status as an inmate.

To pass muster under the Eighth Amendment, an aggravating circumstance contained in an element of a capital offense must meet two requirements: (1) the circumstance must apply only to a subclass of defendants convicted of murder and may not apply to every defendant convicted of a murder; and (2) the aggravating circumstance must not be unconstitutionally vague. *Henderson v. State,* 962 S.W.2d 544, 563 (Tex.Crim.App.1997)(citing *Tuilaepa v. California,* 512 U.S. 967, 971–72, 114 S.Ct. 2630, 2634–35, 129 L.Ed.2d 750, 759 (1994)). The test to determine if a statute is so vague as to violate due process is whether it (1) gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and (2) provides explicit standards for those who apply it. *Grayned v. Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972). If an act implicates First Amendment guarantees, the doctrine of vagueness demands a greater degree of specificity than in other contexts. *Id.*

The Supreme Court held the Texas capital punishment scheme to be constitutionally sound. *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). Since *Jurek,* the Court of Criminal Appeals upheld various additions to the statute. *Johnson v. State,* 853 S.W.2d 527 (Tex.Crim.App.1992) (multiple victims); *Henderson v. State,* 962 S.W.2d at 562–63 (victim under six). Most recently, the Court of Criminal Appeals upheld the constitutionality of Penal Code Section 19.03(a)(6), reasoning that inmates who murder another in prison while serving a sentence of life imprisonment or a term of 99 years for the commission of an offense listed in Article 42.12 § 3g(a)(1) make up a subclass of murderers in general; and persons serving a sentence of life imprisonment or a term of 99 years for the commission of any offense listed in Section 3g(a)(1), Article 42.12 make up a clear and definite category. *Cannady v. State,* 2000 WL 4181, *8 (Tex.Crim.App.2000).

■ Brumfield argues Section 19.03(a)(5)(B) arbitrarily broadens the aggravating circumstance to every individual incarcerated in a penal institution. First, inmates incarcerated in a penal institution make up a subclass of murderers in general. Incarcerated individuals who commit murder with the intent to participate in a combination make up a clear and definite category. The inclusion of this category of offense in Section 19.03 is not arbitrary, as the State's interest in preventing prison gang violence provides a reasoned, principled basis for distinguishing offenders eligible for capital punishment. We hold Section 19.03(a)(5)(B) does not violate the Eighth Amendment. Issue eight is overruled.

The final issue contends the trial court erred in charging the jury on the law of parties. Brumfield concedes that under Texas law a person is criminally responsible for an offense if the offense is committed by the conduct of another for which the person is criminally responsible. TEX. PEN.CODE ANN. § 7.01(a) (Vernon 1994). He also concedes a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon 1994). Brumfield argues Penal Code Section 7.02(a)(2) does not apply to a prosecution under Penal Code Section 19.03(a)(5)(B) because the proof required to make a finding that an individual is a party to an offense falls short of the proof required to make a finding that an individual is a member of a combination under Penal Code Section 71.01. Brumfield fails to distinguish between the proof necessary to establish the commission of the murder

and the proof necessary to establish the aggravating circumstance.

 The application paragraph authorized the jury to convict if it found Brumfield "acting alone or as a party, as defined herein, *did, while* incarcerated in a penal institution, namely, the Terrell Unit, *and with* intent to establish, maintain, or participate in a combination consisting of, but not limited to [the indicted persons], intentionally or knowingly *cause the death* of Ryan Osgood ...."[emphasis added] The trial court also instructed the jury separately on the requirements of a combination and on the law of parties. The gerund phrase in the application paragraph "acting alone or as a party" modified "Stephen Brumfield"; the affected verb phrase is "did ... cause the death." The parties charge in this case applied to the defendant's acts causing the death of Ryan Osgood by stomping, kicking, hitting, and stabbing, not to the fact of incarceration or to the intent to participate in a combination. "While incarcerated in a penal institution ... "and with the intent to establish, maintain, or participate in a combination" are parenthetical phrases that are not modified by the phrase referring to criminal responsibility as a party to the offense. The jury was authorized to convict Brumfield only if it found that he murdered Osgood while either acting alone or as a party, and that Brumfield was then incarcerated in the Terrell Unit and intended to participate in a combination.

We hold the trial court did not err in submitting to the jury an instruction on the law of parties. *See* TEX. PEN.CODE ANN. § 7.02(a) (Vernon 1994). Issue nine is overruled. The judgment of the trial court is affirmed.

AFFIRMED.