NO. 07-02-0185-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 3, 2003

_____

WELDON WYKE TURPIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;

NO. 868868; HONORABLE JAN KROCKER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Weldon Wyke Turpin was convicted by a jury of kidnapping, enhanced, and punishment was assessed at confinement for life. Presenting two points of error, appellant contends the trial court erred in (1) denying his

*Theus* motion,[1] and (2) allowing the State to introduce a video-taped statement made by him in its entirety for the purposes of rebuttal. Based on the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence. Thus, only the facts necessary to our analysis of the issues will be discussed. Appellant was charged by indictment with aggravated kidnapping of complainant, a 28 year old female, enhanced by prior convictions for aggravated rape and robbery. Among other witnesses, complainant and appellant testified at trial; however, appellant's account of the events was substantially different than complainant's. At the time of the offense, appellant was wearing an ankle monitor which he removed after his brother told him police were looking for him.

By his first point of error, appellant contends the trial court erred when it denied his *Theus* motion. In response, the State contends appellant failed to preserve the error for review on appeal. We agree with the State for the following reasons. Although appellant presents a good discussion of his *Theus* motion, in his brief, he does not reference us to the portion of the record where trial counsel presented an objection to admission of the evidence which he now claims should not have been admitted. *See* Tex. R. Evid. 103(1). Also, the brief does not contain appropriate citations and references to the record as is required by Rule 38.1(f), (h) of the Texas Rules of Appellate Procedure. *See* Lape v. State,

---

[1]845 S.W.2d 874 (Tex.Cr.App. 1992) (en banc) (holding that it was error to admit evidence of a prior conviction for impeachment purposes because it had little probative value on the defendant's credibility).

893 S.W.2d 949, 953 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd) (holding that nothing was preserved for review because appellant's brief did not direct the appellate court to the proper place in the record where the alleged error was presented).

Moreover, the State directs our attention to appellant's motion in limine which the trial court granted, except that it allowed the State to question appellant about felonies or crimes of moral turpitude on cross-examination. However, a ruling on a motion in limine is not sufficient to preserve error for review. McDuff v. State, 939 S.W.2d 607, 618 (Tex.Cr.App. 1997), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997); Brumfield v. State, 18 S.W.3d 921, 924 (Tex.App.--Beaumont 2000, pet. ref'd); *see also* Tex. R. App. P. 33.1(a). Accordingly, appellant's first point of error is overruled.

By his second point of error, appellant contends the trial court committed reversible error when it allowed the State to introduce his video-taped statement in its entirety made before his indictment for purposes of rebuttal. Then, by his argument, he expands his contention and argues the evidence presented by video/audio tape (1) was highly prejudicial, (2) exceeded the scope of permissible rebuttal, and (3) was erroneously admitted because the trial court did not require the State to "cull out the inadmissible portions . . . ." Appellant's third argument amounts to his concession that some portions of the tape were admissible.

Before the tape was played to the jury, in response to a question from the trial court, counsel for the State and appellant agreed that the court reporter "need not record the

sound portion of the tape." Based on the agreement of the attorneys, the court reporter did not record and transcribe the audio portion of the tape. Resultantly, appellant does not make any references in his brief to the record pointing out which portions of the tape he claims were inadmissible. *See* Tex. R. App. P. 38.1(h); *see also* Harris v. State, 827 S.W.2d 949, 958 (Tex.Cr.App. 1992), *cert. denied*, 506 U.S. 943, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992) (holding the complaint on appeal was not preserved for review where appellant did not cite any place in the record where complaint was made in the trial court); Garcia v. State. 960 S.W.2d 151, 157 (Tex.App.--Corpus Christi 1997, no pet.) (noting appellant's contention was not preserved for review because he did not make page references to the record to support his argument the trial court erred in not granting his motion to withdraw his guilty plea); *see also* Castillo v. State, 810 S.W.2d 180, 182 n.1 (Tex.Cr.App. 1990) (explaining the Court need not address arguments not supported by reference to the record where an argument was made to the trial court). Because appellant's brief does not identify which portions of the audio were inadmissible, the point is not preserved for our review. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4