NO. 07-02-0185-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 3, 2003



______________________________




WELDON WYKE TURPIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;



NO. 868868; HONORABLE JAN KROCKER, JUDGE



_______________________________








Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Weldon Wyke Turpin was convicted by a
jury of kidnapping, enhanced, and punishment was assessed at confinement for life. 
Presenting two points of error, appellant contends the trial court erred in (1) denying his
Theus motion, (1) and (2) allowing the State to introduce a video-taped statement made by
him in its entirety for the purposes of rebuttal. Based on the rationale expressed herein,
we affirm.

 Appellant does not challenge the sufficiency of the evidence. Thus, only the facts
necessary to our analysis of the issues will be discussed. Appellant was charged by
indictment with aggravated kidnapping of complainant, a 28 year old female, enhanced by 
prior convictions for aggravated rape and robbery. Among other witnesses, complainant
and appellant testified at trial; however, appellant's account of the events was substantially
different than complainant's. At the time of the offense, appellant was wearing an ankle
monitor which he removed after his brother told him police were looking for him.

 By his first point of error, appellant contends the trial court erred when it denied his
Theus motion. In response, the State contends appellant failed to preserve the error for
review on appeal. We agree with the State for the following reasons. Although appellant
presents a good discussion of his Theus motion, in his brief, he does not reference us to
the portion of the record where trial counsel presented an objection to admission of the
evidence which he now claims should not have been admitted. See Tex. R. Evid. 103(1).
Also, the brief does not contain appropriate citations and references to the record as is
required by Rule 38.1(f), (h) of the Texas Rules of Appellate Procedure. See Lape v. State,
893 S.W.2d 949, 953 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd) (holding that nothing
was preserved for review because appellant's brief did not direct the appellate court to the
proper place in the record where the alleged error was presented). 

 Moreover, the State directs our attention to appellant's motion in limine which the trial
court granted, except that it allowed the State to question appellant about felonies or crimes
of moral turpitude on cross-examination. However, a ruling on a motion in limine is not
sufficient to preserve error for review. McDuff v. State, 939 S.W.2d 607, 618 (Tex.Cr.App.
1997), cert. denied, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997); Brumfield v. State,
18 S.W.3d 921, 924 (Tex.App.--Beaumont 2000, pet. ref'd); see also Tex. R. App. P.
33.1(a). Accordingly, appellant's first point of error is overruled. 

 By his second point of error, appellant contends the trial court committed reversible
error when it allowed the State to introduce his video-taped statement in its entirety made
before his indictment for purposes of rebuttal. Then, by his argument, he expands his
contention and argues the evidence presented by video/audio tape (1) was highly
prejudicial, (2) exceeded the scope of permissible rebuttal, and (3) was erroneously
admitted because the trial court did not require the State to "cull out the inadmissible
portions . . . ." Appellant's third argument amounts to his concession that some portions of
the tape were admissible. 

 Before the tape was played to the jury, in response to a question from the trial court,
counsel for the State and appellant agreed that the court reporter "need not record the
sound portion of the tape." Based on the agreement of the attorneys, the court reporter did
not record and transcribe the audio portion of the tape. Resultantly, appellant does not
make any references in his brief to the record pointing out which portions of the tape he
claims were inadmissible. See Tex. R. App. P. 38.1(h); see also Harris v. State, 827
S.W.2d 949, 958 (Tex.Cr.App. 1992), cert. denied, 506 U.S. 943, 113 S.Ct. 381, 121
L.Ed.2d 292 (1992) (holding the complaint on appeal was not preserved for review where
appellant did not cite any place in the record where complaint was made in the trial court);
Garcia v. State. 960 S.W.2d 151, 157 (Tex.App.--Corpus Christi 1997, no pet.) (noting
appellant's contention was not preserved for review because he did not make page
references to the record to support his argument the trial court erred in not granting his
motion to withdraw his guilty plea); see also Castillo v. State, 810 S.W.2d 180, 182 n.1
(Tex.Cr.App. 1990) (explaining the Court need not address arguments not supported by
reference to the record where an argument was made to the trial court). Because
appellant's brief does not identify which portions of the audio were inadmissible, the point
is not preserved for our review. Point of error two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. 845 S.W.2d 874 (Tex.Cr.App. 1992) (en banc) (holding that it was error to admit
evidence of a prior conviction for impeachment purposes because it had little probative
value on the defendant's credibility).