COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| FERNANDO MAGALDE, | | No. 08-12-00065-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2011D05035) |
| | § | |

## **O P I N I O N**

Fernando Magalde appeals his punishment verdict. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

In cause number 20110D05035, Appellant was charged by indictment for the offense of violation of a protective order.[1] The indictment also included an allegation that Appellant had a prior felony conviction for driving while intoxicated. In addition, the State subsequently filed a Notice of Enhancement and Habitualization, alleging three prior felony convictions. Appellant

---

[1] This is a companion case. In trial court cause number 20100D06141 Appellant was charged in a three-count indictment with robbery (Count I), aggravated kidnapping (Count II), and unlawful use of a motor vehicle (Count III). At the request of Appellant and the State, the trial court consolidated the two cases for a single trial, In cause number 20100D06141, the jury found Appellant not guilty of robbery and unlawful use of a motor vehicle as alleged in Counts I and III. The jury also found Appellant not guilty of aggravated kidnapping as alleged in Count II, but returned a guilty verdict on the lesser-included offense of unlawful restraint. In a separate appeal (No. 08-12-00064-CR), Appellant appeals his conviction.

pled "not true" to violation of a protective order. During punishment, he also pled "not true" to the allegations contained in the enhancement/habitualization paragraphs. At the conclusion of the guilt/innocence phase, a jury found Appellant guilty as charged. The trial then proceeded to the punishment stage.[2]

### *Gang Related Punishment Evidence*

### <u>Testimony of Officer Duran and State's Exhibit 37 (Booking Document on Appellant)</u>

Officer Duran, a detention officer with the El Paso County Sheriff's Office (EPSO) testified that he processed Appellant for booking into county jail. The State offered booking documents marked as State's Exhibit 37. The following exchange then took place:

> [COUNSEL FOR APPELLANT]: We would only object as to the veracity of the information contained in the item, but not to the introduction of the item per se.
>
> THE COURT: Is this booking information?
>
> [PROSECUTOR FOR THE STATE]: It is.
>
> THE COURT: 37 will be admitted.

The prosecutor then sought permission to publish the exhibit and defense counsel objected as to hearsay information which may be contained within the exhibit and requested the court to review the exhibit *in camera* to determine what, if any, hearsay was contained within. At the bench, the following conversation ensued:

> THE COURT: His own statements?
>
> [COUNSEL FOR APPELLANT]: No, these aren't his statements.
>
> THE COURT: Who else do they get it from? They ask him.
>
> [PROSECUTOR FOR THE STATE]: Yes. And the point here is --

---

[2] On appeal, Appellant's compliant is limited to challenging evidence admitted during the punishment stage. He does not challenge the sufficiency of the evidence to support his conviction. Therefore, we limit our recitation of the factual background to those facts relevant to the instant appeal.

[COUNSEL FOR APPELLANT]: I suppose I can take him on voir dire, except there is a chance that he's going to say hearsay things.

[PROSECUTOR FOR THE STATE]: Which is exactly what the exception is meant to address. He's the one who keeps the records. These aren't objections.

THE COURT: At or near the time goes to him as custodian. How they get that information comes from them.

[COUNSEL FOR APPELLANT]: My client is not a Barrio Azteca member, though.

[PROSECUTOR FOR THE STATE]: And that's exactly one of the other facts we're going to prove up in just a minute.

[COUNSEL FOR APPELLANT]: This guy is going to have contradicting information.

THE COURT: Goes to weight.

[COUNSEL FOR APPELLANT]: Okay.

The prosecutor then questioned Officer Duran about the information in the booking documents. Pointing to the statement, "Remarks, Barrio Azteca," he asked Officer Duran what the statement meant. Office Duran responded, "Usually it's a confirmed gang member, but that's done through a gang intel officer." He also explained that the gang affiliation notation is included as a safety measure.

On cross examination, defense counsel asked the officer whether Appellant told him he was a gang member. Officer Duran replied that Appellant had not told him and confirmed that he did not fill in the Barrio Azteca information on the booking documents.

**Testimony of Deputy Pineira and State's Exhibits 38 and 39**

Deputy Pineira was the Security Threat Group Intelligence Coordinator, otherwise known as the gang-intelligence coordinator. He was tasked with compiling information on anyone booked into jail who was suspected of being a gang member. He also served as custodian of

those records. Detective Pineira explained that it is necessary to obtain information about gang membership so that gang members can be separated from the general population for safety reasons. He then explained the 10-point system used to identify someone as a gang member.

Detective Pineira identified State's Exhibits 38 and 39 as business records of the EPSO. The prosecutor then offered them into evidence and defense counsel responded, "No objection, Your Honor." State's Exhibit 38 was the Security Threat Group Member Confirmation Point Sheet for Appellant, or the 10-point system applied to Appellant. Pineira said the point sheet reflected that Appellant was affiliated with the Barrio Azteca gang because he had accumulated 10 points: 5 points for self-admission of gang membership; 3 points for being identified by a confirmed gang member; and 2 points for being identified as a gang member by an unknown informant. He then identified State's Exhibit 39 as the Security Threat Group Self-Admission Sheet. The form reflected that Appellant admitted he was a Barrio Azteca gang member to two detention officers. The form was not signed by Appellant, but Detective Pineira testified that it was common for gang members to not sign the form.

### Testimony of Detective Sanchez

Detective Andres Sanchez worked in the El Paso Police Department Gang Investigation Unit. The gang unit is tasked with investigating gang related crimes, gathers information on El Paso gangs, and works to identify their members. Without objection, Detective Sanchez was allowed to testify as an expert witness. He explained that the gang unit uses the criteria set forth in Chapter 61 of the Texas Code of Criminal Procedure to identify gang members. He was familiar with State's Exhibits 37-39 and, based on his review of the documents, Appellant was a member of the Barrio Azteca gang.

## Punishment Verdict and Appeal

A jury found the enhancement/habitualization paragraphs true and assessed punishment at forty years' imprisonment and a $10,000 fine. The trial court entered judgment in accordance with the jury's verdict. On appeal, Appellant contends the trial court abused its discretion by admitting evidence of his gang membership.

## EVIDENTIARY ERROR?

Appellant contends that evidence of gang membership was not relevant, was more prejudicial than probative, and should have been excluded. The State responds that Appellant failed to preserve his issue for appellate review. We agree.

Generally, a party may not complain on appeal about the trial court's admission or exclusion of evidence unless that party made a timely, specific objection, request or motion and pursued such to an adverse ruling. *See* TEX.R.APP.P. 33.1(a); TEX.R.EVID. 103(a)(1); *Layton v. State*, 280 S.W.3d 235, 239 (Tex.Crim.App. 2009); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003). Subject to two exceptions, a party must continue to object each time inadmissible evidence is offered. *Martinez*, 98 S.W.3d at 193, *citing Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). These two exceptions require that counsel either: (1) obtain a running objection, or (2) request a hearing outside the presence of the jury. *Martinez*, 98 S.W.3d at 193, *citing Ethington*, 819 S.W.2d at 858.

At the punishment hearing, the State introduced evidence of Appellant's gang membership through multiple sources. State's Exhibits 37, 38, and 39 all include documentation of Appellant's gang affiliation. Officer Duran, Officer Pineira, and Detective Sanchez all confirmed that Appellant was identified as a gang member. Appellant's only objection to the

gang related evidence occurred when the State offered Exhibit 37 into evidence. But the objection was only to, "the veracity of the information contained in the item, but not to the introduction of the item per se." At no point did Appellant object based on Rule 403 or the prejudicial value outweighing the relevance of the evidence. Even if his objection could be construed as a complaint about either the relevance or prejudicial nature of the evidence, Appellant failed to object to the same evidence when offered through repeated sources. Consequently, Appellant failed to preserve this issue for our review. *See* TEX.R.APP.P. 33.1(a); TEX.R.EVID. 103(a)(1); *Brumfield v. State*, 18 S.W.3d 921, 924 (Tex.App.--Beaumont 2000, pet ref'd). We overrule the point sole and affirm the judgment of the trial court.

March 28, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)